Drew Henwood, Esq.
The Law Offices of Drew Henwood
41 Sutter Street, Suite 621
San Francisco, CA 94104
California Bar No. 184529
(415) 362-7412
(415) 362-7290 fax

Attorney for Debtors
Dao Pham and Phuong Pham

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In re<br><br>Dao Pham and Phuong Pham<br><br>                        Debtors.<br><br>Dao Pham and Phuong Pham, | Case No. 10-51177<br><br>Chapter 13<br><br>**MOTION TO DETERMINE VALUE SECURITY OF ONE INDYMAC MORTGAGE SERVICES, A DIVISION OF ONE WEST BANK** |

MOTION

This is the above entitled debtors' motion to value collateral allegedly securing the claim of Indymac Mortgage Services, a division of One West Bank, a deed of trust, on the debtors' **non owner occupied** single family home located at 4460 Giselle Lane, Stockton California 95206, San Joaquin County Assessor's Parcel Number: 168-230-220-000, more particularly described in Exhibit A attached to the declaration of Dao Pham and Phuong Pham in support hereof file herewith.

**POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO VALUE SECURITY**

FRBP 3012 provides: The court may determine the value of a claim secured by a lien on property in which the estate has an interest on motion of any party in interest and after a hearing on notice to the holder of the secured claim and any other entity as the court may direct.

11.U.S.C §506(a)(1) provides: An allowed claim of a creditor secured by a lien on property in

Page 1 -MOTION TO DETERMINE VALUE SECURITY OF INDYMAC MORTGAGE SERVICES, A DIVISION OF ONE WEST BANK

which the estate has an interest...is a secured claim to extent of the value of such creditor's interest in the estate's interest in such property... and is an unsecured claim to the extent that the value of such creditors interest... is less than the amount of such allowed claim.

Such value shall be determined in light of the purpose of the valuation and of the proposed disposition or use such property, and in conjunction with any hearing on such disposition or use on or **on a plan affecting such creditor's interest.** [emphasis added].

Section 1322(b)(2) of 11 U.S.C states that:

...in plan may modify the rights of the holders of secured claims, other than a claim secured only by a security interest in real property that is the debtor's principal residence...

Section 1327 of 11 U.S.C states that:

(a) The provisions of a confirmed plan bind the debtor and each creditor, whether or not the claim of such creditor is provided for by the plan, and whether or not such creditor has objected to, has accepted, or has rejected the plan.

(b) Except as otherwise provided in the plan or the order confirming the plan, the confirmation of a plan vests all of the property of the estate in the debtor.

( c) Except as otherwise provided in the plan or the order confirming the plan, the property vesting in the debtor under subsection(b) of this section is free and clear of any claim or interest of any creditor provided for by the plan.

On February 6, 2010, the debtors filed their chapter 13 petition along with Schedule A.

On March 3, 2010, the debtors field their Amended Schedule A. In their Amended Schedule A, debtors alleged that the subject real property had a value of $132,660.00. The debtors' Chapter 13 Plan and Second Amended Chapter 13 Plan rely on the value of the subject property as stated therein. In the debtors' declaration in support hereof, the debtors allege that the value of the subject property, as defined and limited by 11 U.S.C§ 506, on March 3, 2010, the date of debtors' declaration is $132,660.00 based on Cyberhomes.com.

12. Bankruptcy Rule 3012 provides that the "valuation of security" may be done by noticed motion rather than adversary proceeding and accordingly the motion to determine and value lender's secured claim at zero ($0) dollars in Debtors Chapter 13 reorganization plan is proper.

WHEREFORE, Debtors request that the Court enter an Order providing that:

    a. The value of the Property is no more than $132,660.00

    b. The interest of Respondent Indymac Mortgage Services, a division of One West Bank, in the Property is $132,660.00

    c. For such other and further relief as the court may deem just and proper.

Dated this 25th day of March , 2010     /s/ Drew Henwood, Esq

                                                    Attorney For Debtors
                                                   Dao Pham and Phuong Pham

W:\WD@SJ Office\Work\BANKRUPTCY REFORM\Chapter 13 cases, confirmed and pending\Pham, Dao Q & Phuong\Pleadings\Motion to cram down\Motion to determine value.wpd